IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
HELENA DIVISION

| | |
|---|---|
| DAVID WAYNE NELSON, | Cause No. CV 22-5-H-BMM |
| Petitioner, | |
| vs. | ORDER |
| JIM SALMONSEN and AUSTIN KNUDSEN, | |
| Respondents. | |

Petitioner David Wayne Nelson has filed a Fed. R. Civ. P. 60(b)(6) motion for relief from judgment, related to the denial of his petition for writ of habeas corpus. (Doc. 24.) The motion is denied.

## I.    BACKGROUND

Nelson is a Montana state prisoner who was convicted of two counts of deliberate homicide in the Third Judicial District Court, Powell County, Montana. (Doc. 1 at 2 - 3.) He filed a federal petition for a writ of habeas corpus on January 19, 2022. His petition asserted two grounds for relief, prosecutorial misconduct,

and new evidence showing he did not commit the crime. (Doc. 1.) His petition was dismissed on November 14, 2022. He subsequently appealed to the Ninth Circuit Court of Appeals, and filed a petition for a writ of certiorari at the United States Supreme Court, neither of which provided him relief. (Docs. 21 and 23.)

## III.    ANALYSIS

Nelson asserts three grounds for his Rule 60 motion, based on his general contention that he lacked the opportunity to be heard on his petition. (Doc. 25 at 1 – 2.) First, Nelson asserts his petition was dismissed before he had a fair opportunity to present his claims. (Doc. 25 at 2 – 3.) Second, he asserts that the Court improperly denied his motion to amend his petition to add an ineffective assistance of counsel claim. (Doc. 25 at 3 – 5.) And third, Nelson asserts that the Court was required to have an evidentiary hearing on his claims, because they were never factually developed in state court. (Doc. 25 at 5 – 9.)

Rule 60(b) allows relief from judgment for several reasons, including mistake, inadvertence, surprise, excusable neglect, newly discovered evidence, fraud, void or satisfied judgment, or "any other reason that justifies relief." Fed. R. Civ. P. 60(b)(1) – (6). To obtain relief under Rule 60(b)(6), as Nelson requests, the party seeking relief must show that his conduct was "faultless." *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 393 (1993). The party "must demonstrate 'extraordinary circumstances which prevented or rendered him unable

to prosecute his case;'" that is, "both injury and circumstances *beyond his control* that prevented him from proceeding with the prosecution or defense of the action in a proper fashion." *Community Dental Servs. v. Tani*, 282 F.3d 1164, 1168 (9th Cir. 2002) (quoting *Martella v. Marine Cooks & Stewards Union*, 448 F.2d 729, 730 (9th Cir. 1971) (per curiam)) (internal brackets omitted) (emphasis added). "Federal Rule of Civil Procedure 60(b)(6) is a grand reservoir of equitable power that allows courts to grant relief from a final judgment for "any" reason that "justifies relief."" *Henson v. Fid. Nat'l Fin., Inc.*, 943 F.3d 434, 439–40 (9th Cir. 2019).

Fed. R. Civ. P. 60(b) "has an unquestionably valid role to play in habeas cases," even though its application may be qualified in some instances by the stringent limitations on second or successive petitions in habeas cases. 28 U.S.C. § 2244(b); *Gonzalez v. Crosby*, 545 U.S. 524, 534 (2005). At times, a court must recharacterize a Rule 60(b) motion as a "disguised" second or successive petition requiring pre-authorization from the Court of Appeals. *E.g.*, *United States v. Washington*, 653 F.3d 1057, 1063-64 (9th Cir. 2011). At other times, a Rule 60(b) motion in a § 2254 case can simply be addressed under the criteria applicable to all Rule 60(b) motions. *See Gonzalez*, 545 U.S. at 536-38.

A petitioner seeking a second chance at having the merits of a claim determined favorably to him is, in substance, applying a second time for federal

habeas relief. *Gonzalez*, 545 U.S. at 530-32. But "if neither the motion itself nor the [portion of the] federal judgment from which it seeks relief substantively addresses federal grounds for setting aside the movant's state conviction, allowing the motion to proceed as denominated creates no inconsistency with the habeas statute or rules." *Id.* at 533. In other words, a petitioner is not making a habeas corpus claim when he "merely asserts that a previous ruling which precluded a merits determination was in error – for example, a denial for such reasons as failure to exhaust, procedural default, or statute-of-limitations bar." *Id.* at 532 n.4.

    1.  Lack of Opportunity to Be Heard

Nelson asserts that he had no opportunity to be heard on his claims before the Court dismissed his petition. Thus, the adjudication of his petition was marred by a "defect in the integrity of the federal habeas proceedings," *Gonzalez*, 545 U.S. at 532, not because the decision was wrong, but because the procedure the Court used was. The cases Nelson cites for the proposition that he was deprived of his opportunity to be heard deal with dismissals for timeliness or procedural reasons. (Doc. 25 at 3.) Nelson was, however, heard. He filed a brief in response to the filing of the record by the State. (Doc. 10.) Nelson had an opportunity to be heard, and there was no defect in the integrity of the proceedings.

    2.  Lack of Amendment Regarding Ineffective Assistance of Counsel

Nelson argues that he should have prevailed on his ineffective assistance of

counsel claim in the state courts for attorney "abandonment." (Doc. 25 at 3.) He asserts that this exhausted claim should also have been part of his federal petition. (Doc. 25 at 4.) He characterizes his first Rule 60(d)(1) motion, filed after the dismissal of his petition, as a motion to amend his petition to assert a claim of ineffective assistance of counsel, for failure to appeal. (Doc. 13.)

The Court did not address Nelson's first Rule 60 motion on the merits. It was filed over 28 days from the entry of judgment on his petition, on January 12, 2023, when he also filed his notice of appeal, and a motion of extension of time to file his notice of appeal. (Docs. 14 and 15.) That same day, the Court of Appeals docketed his appeal. (Doc. 16.) Five weeks later, this Court mooted his motion for an extension of time to file his appeal, since he had already done it, and it had been docketed, and his Rule 60 motion, since his appeal was underway.

On March 10, 2023, the Court of Appeals remanded the matter for the limited purpose of allowing this Court to determine whether his motion for an extension should be granted. (Doc. 19.) Though the Court of Appeals order referred to the fact that the Rule 60(d) motion had similarly been denied as moot, it did not remand that motion for consideration. *Id*. Thus, this Court has never considered Nelson's Rule 60(d)(1) motion on its merits or denied him leave to amend on the merits.

Nelson's current motion, though labeled as a Rule 60(b)(6) motion, is really

a repackaged Rule 60(b)(1) motion, seeking another chance to raise the claim of ineffective assistance of counsel in this Court. Rule 6(d)(1) allows that Rule 60 generally, including the specific grounds for relief of Rule 60(b), "does not limit a court's power to [...] entertain an independent action to relieve a party from a judgment, order, or proceeding[.]" Fed. R. Civ. P. 60(d)(1). Nelson did not file "an independent action," so his motion does not fall within that section of Rule 60. Nor does it comfortably fit in any of the other sections, other than having also originally been a Rule 60(b)(1) motion, attempting to correct his own error in not including a claim. At bottom, what Nelson's motion sought to do was to add a claim to his petition, one that, by his own determination, he had exhausted in state court.

What ground, then, would allow this Court to reopen a judgment on the merits of his petition for his failure to assert a claim that he was aware of throughout his state court proceedings but failed to include in his federal petition? This Court's order of dismissal identified the fact that he had raised the claim in state court and, perhaps, that is what reminded Nelson that he could have or should have included the claim in his federal petition. If he intended to assert a Rule 60(b)(1) claim, in the first instance, he could not carry his burden to show that an external circumstance prevented him from including the claim in his petition.

At bottom, Nelson's current motion appears to have the effect of attempting

6

to obtain review of a substantive claim that was not reviewed in his first petition. As such, it runs afoul of the restrictions on second or successive petitions for habeas found in AEDPA. *Gonzalez*, 545 U.S. at 529–30; 28 U.S.C. § 2244(b)(2).

Nelson's Notice of Appeal identified his ineffective assistance of counsel claim as the only claim for appeal. (Doc. 15.) The Court of Appeals declined to consider the claim. Whether he is entitled to raise it in a second petition is a question for the Court of Appeals. 28 U.S.C. § 2244(b)(3)(A).

3.  Lack of Evidentiary Hearing

Nelson's third point in his Rule 60 motion is the lengthiest. In it, he objects to this Court's deference to the Montana Supreme Court's factual conclusions on Nelson's prosecutorial misconduct claim, and concludes that he was entitled to an evidentiary hearing in federal court. (Doc. 25 at 6 - 9.) This contention falls squarely into the category of a second or successive petition. 28 U.S.C. § 2244(b)(2). Nelson did not raise this claim in his appeal of the dismissal of his federal petition. His notice of appeal was directed solely at the issue of ineffective assistance of counsel. (Doc. 15 at 1.) In his notice, he quotes the dismissal order stating that he had properly exhausted his state prosecutorial misconduct claim. *Id.* But this quotation only functions as a contrast to his allegedly unexhausted IAC claims. Nelson did not appeal this court's determination on the merits regarding his malicious prosecution claim. His motion here to revisit the issue is barred. Rule 60

"relief may not be had where the party seeking reconsideration has ignored normal legal recourses." *Alpine Land*, 984 F.2d at 1049 (quoting *In re Pacific Far East Lines, Inc.*, 889 F.2d 242, 249, 250 (9th Cir. 1989)) (internal quotation marks omitted). These requirements apply in all Rule 60(b) cases, but they are especially significant in the habeas context, because they "limit the friction between the Rule and the successive-petition prohibitions" of 28 U.S.C. § 2244(b). *See Gonzalez*, 545 U.S. at 535.

If this Court concluded now that its prior analysis was incorrect, "a district court's erroneous reading of the law is a 'mistake' sufficient to require reconsideration of an order" under Rule 60(b), *Yniques v. Cabral*, 985 F.2d 1031, 1034 (9th Cir. 1993) (citing *Liberty Mut. Ins. Co. v. EEOC*, 691 F.2d 438, 441 (9th Cir. 1982), and *Gila River Ranch, Inc. v. United States*, 368 F.2d 354, 357 (9th Cir. 1966)), *qualified by McDowell*, 197 F.3d at 1255 n.4. However, error can be appealed. It is not an extraordinary circumstance under Rule 60(b)(6), because it does not "prevent[]" a litigant "from taking timely action to prevent or correct" the district court's judgment. *Greenawalt*, 105 F.3d at 1273. Nor is error a "defect in the integrity of the federal habeas proceeding" comparable to fraud on the court. *Rodriguez v. Mitchell*, 252 F.3d 191, 199 (2d Cir. 2001), *cited in Gonzalez*, 545 U.S. at 532 n.5. If error were an integrity-undermining defect like fraudulent misrepresentations or omissions, any instance of error, whether procedural or

substantive, would justify reopening of a final judgment under Rule 60(b)(6), and there would be no need to appeal in a timely manner. That is plainly not the purpose of the rule. *See Ackermann v. United States*, 340 U.S. 193, 197-200 (1950); *Klaprott v. United States*, 335 U.S. 601, 613-14 (1949).

"Mistake" is a ground for relief listed in Rule 60(b)(1). Motions under Rule 60(b)(1) must be made "no more than a year after the entry of the judgment or order or the date of the proceeding." Fed. R. Civ. P. 60(c). In other words, if this Court committed clear error, Nelson had to correct it by filing a Rule 60(b)(1) motion within a year of November 14, 2022. Rule 60(c)). He did not file until November 19, 2024. Of course, some of that time was spent with his case before other courts. However, a review of the docket shows that his petition for a writ of certiorari was denied on March 26, 2024. He did not file this motion until almost eight months later. Where another subsection of Rule 60(b) is proper but does not support relief, subsection (b)(6), allowing a court to consider "any other reason that justifies relief," does not apply. *Liljeberg v. Health Servs. Acquisition Corp.*, 486 U.S. 847, 863 (1988); *Lyon v. Agusta S.P.A.*, 252 F.3d 1078, 1088-89 (9th Cir. 2001). Consequently, even if the Court committed clear error in assessing the sufficiency of the evidence, Nelson cannot obtain relief at this late date.

## IV.  CERTIFICATE OF APPEALABILITY

"The district court must issue or deny a certificate of appealability when it

enters a final order adverse to the applicant." Rule 11(a), Rules governing § 2254

Proceedings. Further, a certificate of appealability is required to appeal the denial

of a Rule 60(b) motion for relief, *United States v. Winkles*, 795 F. 3d 1134, 1139

(9*th* Cir. 2015), as well as a Rule 60(d) motion for relief. *Payton v. Davis*, 906 F.

3d 812, 820 (9*th* Cir. 2018). A COA should issue as to those claims on which a

petitioner makes a "substantial showing of the denial of a constitutional right." 28

U.S.C. § 2253(c)(2). The standard is satisfied if "jurists of reason could disagree

with the district court's resolution of [the] constitutional claims" or "conclude the

issues presented are adequate to deserve encouragement to proceed further."

*Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack v. McDaniel*, 529

U.S. 473, 484 (2000)).

     A certificate of appealability is denied. The Court previously concluded that

Nelson had identified no constitutional defects with his prosecution or

incarceration. His current motion does not change that analysis.

     Based on the foregoing, the Court enters the following:

## ORDER

     1.    Nelson's Motion for Relief from Judgment is DENIED, and

DISMISSED. (Doc. 24.)

     2.    A certificate of appealability is DENIED.

DATED this 17th day of January, 2025.


_____

Brian Morris, Chief District Judge
United States District Courts